**STATE v. PAN–AMERICAN PRODUCTION CO. et al.**

**No. 11642.**

Court of Civil Appeals of Texas. Galveston.

July 13, 1944.

See also, Tex.Sup., 183 S.W.2d 566.

Grover Sellers, Atty. Gen., and Fagan Dickson and Gaynor Kendall, Asst. Attys. Gen., for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee Pan-American Production Company.

Carlos B. Masterson, of Angleton, for appellees Hiram Moore et al.

Lewis H. Follett, of Angleton, for appellees Lewis H. Follett et al.

Turner, Rodgers & Winn, Carlton R. Winn, and George S. Terry, all of Dallas (Donald Campbell and L. A. Thompson, both of Tulsa, Okl., of counsel), for appellee Stanolind Oil & Gas Co.

MONTEITH, Chief Justice.

This case is a companion case to cause No. 11,641, State of Texas v. Sneed et al., 181 S.W.2d 983. The two causes were so regarded and tried together both in the trial court and in this court, the only difference between them being that they involve different tracts of land and that some of the defendants are different parties. This case is also an action brought by the State of Texas in trespass to try title. It was brought for the recovery of 16 acres of land patented by the State of Texas to Hiram Moore and Mrs. Frances Rasmussen, adjacent to the lands involved in the companion case.

In this case Hiram Moore and Mrs. Rasmussen filed their application for a survey to purchase the land involved on the same date that the application for purchase in the companion case was filed, asserting the right to purchase said land under Section 5 of Chapter 271, Acts of the 42nd Legislature, Vernon's Ann.Civ.St. art. 5421c, § 5, as good faith occupants thereof. The land, as in the companion case, was within five miles of a well producing oil in commercial quantities and the Commissioner of the General Land Office, acting under the authority of an opinion rendered him by the Attorney General of the State of Texas to the effect that the limitation against the sale of lands within five miles of a producing oil well, under the 1931 Act, was inapplicable to lands claimed under preference right under the provisions of Section 5 of said Act, awarded the land in controversy to Hiram Moore and Mrs. Rasmussen.

The State contended in this case, as in the companion case, that the patent and proceedings antecedent to it were void and ineffectual to convey any title out of the State; that the lands belonged to the State, and that the trial court erred in failing to so adjudge the ownership thereof.

Upon a trial of both cases before the court without a jury upon the same state of facts judgment was rendered denying the State of Texas any recovery save and except the 1/16 royalty reserved to the State in the original patents.

Since both cases are governed by the same legal principles, it follows that, in accordance with the opinion of this court this day rendered in cause No. 11,641, State of Texas v. Sneed et al., 181 S.W.2d 983, to which reference is here made, the judgment of the trial court herein must be in all things affirmed.

Affirmed.